**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4289**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ERIC SPIWAK,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (4:08-cr-00045-BO-1)

Argued:  April 8, 2010                    Decided:  May 7, 2010

Before TRAXLER, Chief Judge, and DUNCAN and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Joseph Bart Gilbert, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.   **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.   George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Eric Lee Spiwak ("Spiwak") pleaded guilty pursuant to a plea agreement to one count of possession of child pornography, in violation of 18 U.S.C. § 2242(a)(4)(B). The district court granted the government's motion for an upward departure and sentenced Spiwak to 188 months imprisonment, 37 months above the top of his pre-departure advisory guidelines range of 121 to 151 months imprisonment. Spiwak appeals, contending that the imposition of his sentence was procedurally unreasonable. We affirm.

I.

In 2006, state and federal law enforcement agencies undertook a sting operation in which officers, posing as minors, participated in Internet online chats with individuals seeking to engage in sexual acts. On September 6, 2006, while in one of these chat rooms, a Greensboro, North Carolina, sheriff's deputy posing as a 14 year-old girl received an instant message from an individual using the screen name, "thefixer_2000," whom police later identified as Spiwak. Spiwak initially inquired if the "girl" was truly 14 years old, and when the "girl" said yes, Spiwak responded "Oh, ok, way too young," and exited the chat room. Shortly afterwards, however, Spiwak returned to the chat room and began discussing sexual matters with the "girl."

3

Specifically, Spiwak told the "girl" that he would like to "teach" her about sex, inquired about her sexual history, and said that he would love to visit her. He sent a picture of himself to the "girl" and noted that, "Teacher is ready, if you'd like to be my pupil." He also made plans to meet with the "girl." On September 8, 2006, Spiwak drove from his residence in Newport, North Carolina, to Greensboro. On his way to Greensboro, Spiwak spoke with the "girl" by phone and continued to discuss graphic sexual details about their imminent meeting.

When he arrived at the location of the planned meeting, Spiwak was approached by police. Investigators searched Spiwak's vehicle and found rubber gloves, lubricant, and condoms in the glove box. They then took Spiwak into custody. Spiwak told investigators that he had indeed had explicit conversations on the Internet with a person he thought was a 14-year-old female, but that his intention in traveling to Greensboro was to warn the girl about the dangers of meeting men on the Internet.

Officers conducted a search of Spiwak's home and seized two computers and several zip drive computer diskettes, which revealed 460 images identified as either child pornography or child erotica. A majority of the images were of prepubescent minors younger than age 12. Some images depicted young girls, ranging in age from five to eight years old, in the nude, bound, and in various sexual positions. The images also depicted young

4

boys, between the ages of eight and 15, in the nude and in various sexual positions with adult males.

## II.

On July 23, 2008, a grand jury indicted Spiwak on one count of attempting to entice a child to engage in illegal sexual conduct, in violation of 18 U.S.C. § 2422(b), and one count of possession of child pornography, in violation of 18 U.S.C. § 2242(a)(4)(B). Pursuant to a plea agreement, Spiwak pled guilty to the possession charge.

It is undisputed that Spiwak's advisory sentencing guidelines offense level was 32 and his criminal history category was I. Although Spiwak had three previous convictions for taking indecent liberties with children, he was not assigned any criminal history points because the convictions were more than 20 years old. See U.S.S.G. § 4A1.2(e)(3). Thus, Spiwak's (pre-departure) advisory sentencing guidelines range was 121 to 151 months.

In advance of the sentencing hearing, the government moved for an upward departure based on U.S.S.G. § 4A1.3, arguing that criminal history category I significantly underrepresented "the seriousness" of Spiwak's "past criminal conduct" and his likelihood of recidivism. J.A. 27, 29. Spiwak filed an

opposition to the government's motion, seeking a sentence of no more than the statutory mandatory minimum of 120 months.

On the day of the sentencing hearing, the government informed Spiwak's counsel of its intention to present to the court a statement from Julie Dougherty, who claimed to have been sexually abused by Spiwak in the late 1980s when she was ten years old. It is undisputed that Ms. Dougherty was not a "victim" of any of the crimes for which Spiwak had previously been convicted or of either of the offenses charged in the instant indictment. The government offered Ms. Dougherty's information in support of both (1) an offense level adjustment for engaging in a "pattern of activity" involving sexual abuse of a minor, see U.S.S.G. § 2G2.2(b)(5) (which had been applied by the probation officer in his preparation of Spiwak's Presentence Investigation Report) and (2) the government's motion for an upward departure based on inadequate criminal history under U.S.G.G. § 4A1.3.

When the sentencing hearing commenced, it appears that the district judge noticed that Ms. Dougherty was standing alongside the prosecutor. The district judge was thereby prompted to inquire of the prosecutor, "Do you have victim participation?" J.A. 53. Without yet having explained Ms. Dougherty's presence and in response to the court, the prosecutor stated, "Yes, Your Honor." Id. Spiwak then objected that Ms. Dougherty was not

depicted in any of the images that constituted the offense of his conviction -- possession of child pornography -- and that she was "not associated with this case." J.A. 53.[1]

There then followed an extended colloquy among the court, counsel, and the probation officer, in which the court sought to determine whether Ms. Dougherty was being "asked to participate under the victim entitlement [sic] under federal law." J.A. 56. Ultimately, as the record conclusively shows, the district court found and concluded that Ms. Dougherty was not a "victim" within the contemplation of the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771:

> The Court:     I am just trying to get a read on who is a victim.
>
> The Prosecutor:     [Ms. Dougherty is offered as a] victim as well as in support of the government's upward departure argument as to this defendant represents as far as recidivism.
>
> The Court:     So you can put on evidence on upward departure?
>
> The Prosecutor:     I believe I can, Your Honor.

---

[1] In an understandable effort to pretermit the presentation of Ms. Dougherty's information to the district court, defense counsel promptly withdrew Spiwak's objection to a five level adjustment in his offense level based on his "pattern of activity involving the sexual abuse or exploitation of a minor" under U.S.S.G. § 2G2.2(b)(5). Nevertheless, Ms. Dougherty's information was relevant to the issue of criminal history inadequacy.

The Court: Well, okay. On that basis I may allow it, but nevertheless, tell me who the victims are.

. . .

Probation Officer: Yes, sir. Your Honor, 18 U.S.C. [§] 3661 just basically allows the court no limitation, to consider any information regarding the defendant's background, character, conduct.

The Court: But what about the victim law? There is a specific law having to do with victim participation in sentencing.

Probation Officer: She is not a victim of the instant offense, but I do believe it's relevant to the –

The Court: To the relevant conduct.

Probation Officer: Yes, sir. And the specific offense characteristics in the case as well as the government's motion for upward departure. It's very relevant.

The Court: Okay. I don't disagree with that.

The Prosecutor: Thank you, Your Honor.

The Court: Do you want to say anything?

Defense counsel: Your Honor, I would just note our objection.

The Court: Okay. I agree that at a minimum it's suitable for relevant conduct having to do with a variance or departure.

J.A. 56-57.

Following this colloquy, the court allowed Ms. Dougherty to make a statement, and she described in some detail how the defendant had sexually abused her when she was a child. Ms.

8

Dougherty also explained that the abuse has since then "caused [her] family to fall apart." J.A. 59.

The district court thereafter questioned the probation officer as to how many criminal history points Spiwak's prior convictions for indecent liberties with children would have received had they been scored. The probation officer responded that if the prior convictions had been scored, they would have resulted in a total of four criminal history points, placing Spiwak in criminal history category III.

The district court then indicated, in agreement with an implicit recommendation of the probation officer, that it would grant the government's motion for an upward departure pursuant to U.S.S.G. § 4A1.3, thereby place Spiwak in offense level 32, criminal history category III, yielding an advisory guidelines sentencing range of 151 to 188 months imprisonment. Defense counsel voiced an objection to an upward departure and supported the objection with specific arguments which the district court fully entertained. Notably, however, the district court specifically asked defense counsel whether counsel could say that the court had employed "improper methodology" in determining to depart. J.A. 64. Defense counsel stated,

9

unequivocally, he did not so contend.[2] Id. Spiwak now appeals his sentence as procedurally erroneous.

## III.

In reviewing any sentence, we apply a "deferential abuse of discretion standard." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotations omitted). We review questions of law, de novo. United States v. Cardwell, 433 F.3d 378, 384-85 (4th Cir. 2005). Statutory interpretation presents a legal issue, subject to de novo review. United States v. Myers, 280 F.3d 407, 416 (4th Cir. 2002).

Under the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771, a crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). A crime victim is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Here, Spiwak argues that, under the CVRA, the district court should not have allowed Ms. Dougherty to speak during the

---

[2] The district court pressed defense counsel to indicate whether "the methodology that the court is using [to effect an upward departure] is a sufficient methodology." J.A. 65. Defense counsel sated, "Yes, Sir." Id.

sentencing hearing because Ms. Dougherty was not a victim of the crime charged in the instant offense. In contrast, the government argues that nothing in the CVRA places restrictions on the district court's discretion to consider any reliable information at sentencing relevant to "the background, character, and conduct of" an offender before the court for sentencing. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").[3]

Contrary to Spiwak's contentions, it is clear from the record that the district court did not find that Ms. Dougherty

---

[3] Surprisingly, during oral argument Spiwak's counsel conceded that Spiwak would not have cause to appeal if Ms. Dougherty's information had been submitted to the district court in a letter or an affidavit. He thereby seemed to have changed strategy. So viewed, the challenge here is to the form in which the district court allowed Ms. Dougherty to be heard rather than the substance of her statement. As we understand the contention, counsel seemed to ask us to interpret the CVRA and 18 U.S.C. § 3661 in a manner that would restrict a district court to hear from a non-victim (such as Ms. Dougherty) only in writing and not viva voce. According to counsel, the greater impact of a statement offered in open court militates in favor of a rule that oral statements should be limited to the defendant and victim of the instant offense. We find nothing in the proposed rule to commend itself to us, but in any event, we decline counsel's invitation to address this issue, which was not raised in the brief. See United States v. Williams, 378 F.2d 665, 666 (4th Cir. 1967) (per curiam) (holding issues argued orally but not addressed in brief were waived).

was a "victim" under the CVRA. The district court agreed with the probation officer that Ms. Dougherty was not a victim of the instant offense and, therefore, did not qualify as a crime victim under the CVRA. See supra p. 5. Thus, to the extent that Spiwak assigns error to the district court's alleged misapplication of the CVRA, the record simply does not disclose error at all.

Nor did the court err in allowing the government to proffer Ms. Dougherty's statement on the ground that her information would be probative as to the government's motion for an upward departure. Sentencing courts are required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" prior to sentencing. 18 U.S.C. § 3553(a)(1). Indeed, there is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

From our careful review of the record in light of the arguments presented by the parties, we hold that the district court did not abuse its discretion in considering Ms. Dougherty's information. It is clear from the record that the district court considered the statement in connection with the government's motion for an upward departure based on the alleged

12

inadequacy of Spiwak's criminal history category and his risk of recidivism. The district court stated, "I agree that at a minimum it's suitable for relevant conduct having to do with a variance or departure." J.A. 57. Bearing in mind the considerable latitude that district courts enjoy at sentencing, as authorized by 18 U.S.C. § 3661, see United States v. Seay, 553 F.3d 732, 741-42 (4th Cir. 2009), we cannot say that the district court abused its discretion.

Important to our holding, Spiwak does not allege or argue on appeal that he was unduly prejudiced when the government failed to give prior notice that Ms. Dougherty would be present at the sentencing hearing. Specifically, after learning that the government intended to have Ms. Dougherty address the district court only shortly before sentencing, Spiwak's counsel did not ask for a postponement of the sentencing hearing in order to prepare to question her or to investigate her information. Notably, as well, Spiwak's counsel did not request that Ms. Dougherty be placed under oath and he did not request an opportunity to cross examine her. Nor has Spiwak suggested at any time or in any manner that the information provided to the district court by Ms. Dougherty was unreliable.

IV.

We discern no abuse of discretion by the district court in considering the information presented at sentencing and Spiwak has not otherwise suggested that the sentence is procedurally unreasonable. Accordingly, we affirm.

AFFIRMED